IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| ANTHONY BLAKE LOWREY, | : | |
| Plaintiff | : | |
| VS. | : | NO. 3:07-CV-114 (CDL) |
| Sgt. NEWELL, Nurse MICHELLE DYER, and Sheriff JOE CHAPMAN, | : | |
| Defendants | : | **ORDER & RECOMMENDATION** |

Plaintiff **ANTHONY BLAKE LOWREY**, an inmate at the Walton County Jail in Monroe, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. His application to proceed *in forma pauperis* has been granted by separate order entered this date. Notwithstanding that plaintiff is being allowed to proceed IFP, he must nevertheless pay the full amount of the $350.00 filing fee, as explained later in this order and recommendation.

## *I. STANDARD OF REVIEW*

### *A. 28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. ***Neitzke v. Williams***, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." ***Neitzke***, 490 U.S. at 327 (quoting ***Hishon v. King & Spalding***, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff LOWREY alleges that on September 17, 2007, as he and other prisoners were walking to the "court transport area of the jail," Sergeant Newell twice tasered plaintiff, who was in hand and leg cuffs, and, additionally, hit plaintiff in the face. Plaintiff apparently was taken to the Walton County Regional Hospital following the incident; he alleges that the following day, Nurse Dyer denied plaintiff the pain medication hospital personnel had prescribed for him.

In addition to Sergeant Newell and Nurse Dyer, plaintiff names Sheriff Joe Chapman as a defendant.

## III. DISCUSSION

### A. Sheriff Joe Chapman

Plaintiff sues Sheriff Joe Chapman presumably because he supervises Sergeant Newell and Nurse Dyer. A supervisor, however, may not be held liable for the acts of his subordinates on the basis of *respondeat superior*. *Monell v. Department of Social Services of New York*, 436 U.S. 658, 691 (1978). Instead, "supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). A causal connection may be shown (1) if the supervisor is on notice of historical widespread abuse and fails to take corrective action, (2) the supervisor has a custom or policy that results in the alleged violation, or (3) if facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id.* at 1360.

Plaintiff LOWREY has not alleged that Sheriff Chapman actually participated in plaintiff's beating or medical treatment in any way, nor does he connect him to a policy or custom. Moreover, plaintiff does not allege any facts which might apprise Chapman of a constitutional deprivation and the need to correct it. Accordingly, it is **RECOMMENDED** that plaintiff's claims against Sheriff Joe Chapman be **DISMISSED** and that Chapman be **DISMISSED** as a defendant herein.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served a copy of this order.

### B. *Sergeant Newell and Nurse Dyer*

Although it is by no means clear that plaintiff will ultimately prevail on his claims against defendants Sergeant Newell and Nurse Dyer, construing plaintiff's complaint liberally in favor of plaintiff, the Court concludes that plaintiff has pled sufficient facts to withstand the frivolity review. Accordingly, plaintiff's complaint will be allowed to proceed against Sergeant Newell and Nurse Dyer.

Accordingly, IT IS ORDERED AND DIRECTED that service be made as provided by law upon SERGEANT NEWELL and NURSE DYER, and that they file a Waiver of Reply, an Answer, or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, 28 U.S.C. § 1915, and the *Prison Litigation Reform Act*.

IT IS FURTHER ORDERED AND DIRECTED that a copy of this order be served upon plaintiff's custodian, if any.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address. **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

☞                                          **DUTY TO PROSECUTE ACTION**

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**<u>FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE</u>**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court; to serve copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including letters to the Clerk or to a judge</u>) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

**<u>DISCOVERY</u>**

PLAINTIFF SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANTS FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF. THE DEFENDANTS SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. **NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!** The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. <u>No party shall be required to respond to any such requests which exceed these limitations</u>.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will <u>not</u> be considered by the court absent the filing of a **SEPARATE MOTION** therefor accompanied by a brief/memorandum of law citing supporting authorities. DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

## ELECTION TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all <u>pretrial</u> matters. In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and <u>all</u> proceedings in a jury or nonjury civil matter <u>and</u> to order the entry of judgment in a case upon the <u>written</u> <u>consent</u> of all of the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞ After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented. Upon <u>receipt</u> of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS. Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients. However, counsel <u>must</u> specify on the **ELECTION FORMS** on whose behalf the form is executed.

**SO ORDERED AND RECOMMENDED**, this 22nd day of October, 2007.



                                          CLAUDE W. HICKS, JR.
                                          UNITED STATES MAGISTRATE JUDGE

# ADDENDUM TO ORDER

## NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT.

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.</u>

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.