IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ANTHONY BLAKE LOWREY, <br><br> Plaintiff <br> VS. <br><br> SGT. NEWELL, and <br> MICHELLE DYER, <br><br> Defendants | NO.  3:07-CV-114 (CDL) <br><br> **PROCEEDINGS UNDER 42 U.S.C. §1983** <br> **BEFORE THE U. S. MAGISTRATE JUDGE** |

# RECOMMENDATION

Before the court are defendant SGT. NEWELL's MOTION FOR SUMMARY JUDGMENT (Tab #20) and defendant MICHELLE DYER's MOTION FOR SUMMARY JUDGMENT (Tab #18).  Each of these motions is supported by briefs, statements of undisputed material facts, affidavits, and other documentary evidence.  Plaintiff ANTHONY BLAKE LOWREY has filed a single RESPONSE to both motions.  Tab #22.

## LAW OF SUMMARY JUDGMENT

Under Rule 56 (c), Federal Rules of Civil Procedure, the court is required to grant motions seeking summary judgment when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. The law is clear that summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and upon which that party will bear the burden of proof at trial. *Celotex Corporation vs. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986). The movant's burden is discharged simply by pointing out that there is an 'absence of evidence to support the non-moving parties' case. Once the movant has met this burden, the non-moving party must come forward with specific facts demonstrating a genuine issue for trial. *Id. Anderson vs. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505 (1986); *Matsushita Elec. Ind. Co. vs. Zenith Radio*, 475 U.S. 574, 106 S.Ct. 1348 (1986).

While the court must consider the evidence in the light most favorable to the non-moving party, the mere existence of *some* dispute shall not defeat an otherwise properly supported motion for summary judgment since the non-movant's obligation is to demonstrate a genuine issue of material fact. Thus, if a non-moving party brings forth evidence in support of his position on an issue on which he bears the burden of proof at trial that is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson vs. Liberty Lobby, Inc.*, 477 U.S. at 249, 250, 91 L.Ed.2d at 212 (citations omitted). Similarly, the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. *Id*. 477 U.S. at 252, 91 L.Ed.2d at 214.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Lowrey has brought this case pursuant to 42 U.S.C. § 1983. In his COMPLAINT, he alleges that on the morning of September 17, 2007, as he and other inmates were being escorted to the "court transport" area of the Walton County Jail, plaintiff was the victim of excessive force at the hands of defendant Sergeant Newell. At the time of the incident, plaintiff was in handcuffs and leg shackles. He avers that during the walk to the transport area, defendant Newell directed the plaintiff and his fellow inmates to speed up. Plaintiff asserts that, as a result of his being restrained by cuffs and shackles, he felt that he could not speed up and therefore did not comply with Newell's command. Seeing that plaintiff had not complied with his request, defendant Newell allegedly reacted by shocking the plaintiff using a taser gun. Plaintiff further claims that as he was being "electrocuted," he fell to the floor striking his head on the wall on the way down. After tasering plaintiff, Newell escorted the plaintiff to a holding cell.

Shortly thereafter, plaintiff was taken to Walton Regional Medical Center where he was treated in the Emergency Room. While in the Emergency Room, records indicate that the plaintiff underwent, *inter alia*, a CT scan which revealed no abnormalities. He was also given a **single** 800mg dose of Motrin. Plaintiff Lowrey was subsequently returned to the Walton County Jail. There is no indication in the medical records of the jail or in those medical records received by Walton County Jail from Walton County Medical Center that the plaintiff returned from the hospital with any prescription medications or any orders to receive prescription medications from any medical provider.

Following these events of September 17, 2007, there is no documentary evidence demonstrating that plaintiff Lowrey requested to be seen by medical personnel for any alleged injuries or pain stemming from the events of September 17, 2007. Plaintiff was seen, however, by two (2) mid-level providers on September 27, 2007 and November 12, 2007 for scheduled follow-ups for hypertension and a routine physical examination, respectively.

On October 16, 2007, plaintiff filed the instant COMPLAINT containing the aforementioned allegations. Plaintiff's COMPLAINT named Sheriff Joe Chapman as well as Sergeant Newell and Nurse Michelle Dyer as defendants. After an initial frivolity review, Sheriff Chapman was dismissed from the case and service was ordered on defendants Newell and Dyer. Tab #5. Defendants Newell and Dyer subsequently waived service and each filed an ANSWER to the COMPLAINT. Tab #12 and Tab#13. Both answers generally denied the plaintiff's allegations and asserted a number of defenses including, *inter alia*, qualified immunity, failure to exhaust administrative remedies, and failure to state a claim. Both Newell and Dyer subsequently filed the motions seeking summary judgment currently under consideration to which the plaintiff has responded.

## DISCUSSION

With regard to defendant Dyer, the principal claim asserted against her by plaintiff Lowrey concerns her refusal to provide him with certain prescription pain medication which plaintiff contends was prescribed for him during his visit to the emergency room. In her brief in support of her MOTION FOR SUMMARY JUDGMENT, defendant Dyer acknowledges plaintiff's contention that he was prescribed pain medication by the emergency room physician who treated him on the day of the aforementioned taser incident. In response to this contention, she has submitted copies of the plaintiff's emergency room records received by the jail following the his discharge from the emergency room. Having reviewed these records, it is clear that while in the emergency room plaintiff *was prescribed and administered a **single*** 800mg dose of Motrin. It is also clear on the face of these records that the emergency room physician did *not* prescribe the plaintiff any medications to be taken after his release from the hospital. As such, plaintiff's claim of deliberate indifference against defendant Dyer must fail. Accordingly, IT IS RECOMMENDED that defendant Dyer's MOTION FOR SUMMARY JUDGMENT be **GRANTED**.

With regard to defendant Newell's motion seeking summary judgment, the analysis is somewhat more complex. Defendant Newell has not directly acknowledged that the taser incident ever took place. Instead, in the brief he filed in support of his MOTION FOR SUMMARY JUDGMENT, he relies entirely upon the argument that plaintiff LOWREY failed to timely respond to a set of properly served requests for admission. These requests for admissions included, *inter alia*, a request for plaintiff to admit that he has "no personal knowledge regarding the acts or commissions of any officer alleged in [the] complaint" as well as one that essentially asked the plaintiff to admit that the force used by defendant Newell was necessary to overcome plaintiff's own physical resistance and use of force against defendant Newell and other jail staff. Despite the apparently contradictory nature of these requests, and in light of his contention that the plaintiff Lowrey failed to file a timely response to these requests, defendant Newell asks the court to deem the statements in the aforementioned request admitted. Defendant Newell, on the apparent basis that the court will agree with the above argument and deem the facts as set forth in the aforementioned requests for admissions as admitted, concludes that plaintiff has failed to exhaust his available administrative remedies and, in the alternative, that he is entitled to qualified immunity.

In response to defendant Newell's motion seeking summary judgment, and with regard to the requests for admission, plaintiff contends that he did respond "within a few days of expiration of the time set by the court and can only assume improper postage is the reason the Defense counsel never received the responses." Moreover, plaintiff claims that he has since provided the defendant with an additional set of responses to the aforementioned requests.

In reply to these averments by the plaintiff, defendant Newell again complains that plaintiff Lowery has not offered evidence to demonstrate that he actually mailed responses with insufficient postage or otherwise and as such should not be allowed to rely on his recently provided responses. Newell next reaffirmed his contention that because the plaintiff failed to comply with the undersigned's earlier order requiring him to cooperate in discovery and prosecute his case, the requests for admission should be deemed admitted and his Motion for Summary Judgement should be granted. The undersigned cannot agree. As it appears that defendant Newell is in possession of responses from the plaintiff, and because defendant Newell's motion seeking summary judgment and the arguments contained therein rely almost entirely upon the absence of said responses, it is not clear that he is entitled to summary judgment <u>at this time</u>. Accordingly, IT IS RECOMMENDED that defendant Newell's MOTION FOR SUMMARY JUDGMENT be **DENIED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

**SO RECOMMENDED** this 5th day of FEBRUARY, 2009.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE