IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

ANTHONY BLAKE LOWREY,

                      Plaintiff

VS.                                              NO.  3:07-CV-114 (CDL)

DONALD NEWELL, SERGEANT,

                      Defendant          PROCEEDINGS UNDER 42 U.S.C. §1983
                                          BEFORE THE U. S. MAGISTRATE JUDGE

## ORDER AND RECOMMENDATION

Before the court is a Motion for Summary Judgment filed by defendant Donald Newell.  Tab #50.  The motion is supported by a brief, a statement of material facts, affidavits, and several exhibits.  Plaintiff Anthony Blake Lowrey has responded to this motion (Tab #56, Tab #58, and Tab #60) and defendant Newell has replied thereto (Tab #63).  The motion is now ripe for review.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Lowrey brought this action pursuant to 42 U.S.C. § 1983.  Therein, he alleges that he was the victim of excessive force at the hands of defendant Newell.  More specifically, he claims that, on the morning of September 17, 2007, as he and several other inmates were being escorted to the "court transport" area of the Walton County Jail,  defendant Newell instructed him to speed up.  Plaintiff Lowery, noting that he thought the pace was faster than necessary, concedes that he did not comply with this command.  Instead, and in addition to failing to continue at the quicker pace, he admits engaging in a profane and/or otherwise disrespectful verbal discourse with the defendant.  As a result of the plaintiff's continued non-compliance, and out of an alleged concern for maintaining security, defendant Newell ultimately reacted by twice shocking the plaintiff with a taser gun.  As a result of being tasered, plaintiff claims that he fell against the wall and then to the floor striking his head on the way down.  Thereafter, defendant Newell escorted the plaintiff to a holding cell and then on to court.

While in court, plaintiff "fell out."  Consequently, he was taken to the Walton Regional Medical Center and was examined in the Emergency Room.  Records in the Emergency Room, indicate that he underwent, *inter alia*, a CT scan.  The scan revealed no abnormalities.  He was then given a single 800mg dose of Motrin and sent back to the Walton County Jail.

Following the treatment in the Emergency Room, there is no documentary evidence demonstrating plaintiff Lowrey requested to be seen by medical personnel for any alleged injuries or pain stemming from the events of September 17, 2007.  However, plaintiff was seen by two (2) mid-level medical providers on September 27, 2007 and November 12, 2007 for scheduled follow-up for hypertension and for a routine physical examination respectively.

On October 16, 2007, plaintiff filed the instant action.  Therein, he named Sheriff Joe Chapman, Sergeant Donald Newell and Nurse Michelle Dyer as defendants.  After an initial frivolity review, Sheriff Chapman was dismissed and service was ordered on defendant Newell and Nurse Dyer.  Tab #5.  Defendant Newell and Nurse Dyer subsequently waived service and each filed an Answer.  Tab #12 and Tab#13.  Their answers denied the plaintiff's allegations and asserted the defenses of qualified immunity, failure to exhaust administrative remedies, and failure to state a claim.  Both Newell and Dyer subsequently filed motions seeking summary judgment.  Tab #18 and Tab #20.  Defendant Dyer's motion was subsequently granted and defendant Newell's denied.  After additional discovery, defendant Newell filed the instant motion.  Therein, defendant Newell raises the defenses of qualified immunity, failure to exhaust, and failure to state a claim.

## LEGAL STANDARDS

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *(a) By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(b) By a Defending Party. A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(c) Time for a Motion, Response, and Reply; Proceedings.*
>
>> *(1) These times apply unless a different time is set by local rule or the court orders otherwise:*
>>
>>> *(A) a party may move for summary judgment at any time until 30 days after the close of all discovery;*
>>>
>>> *(B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and*
>>>
>>> *(C) the movant may file a reply within 14 days after the response is served.*
>>
>> *(2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c)*; *Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). " If the facts, taken in the light most favorable to the Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law." *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish, by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

---

[1]*See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the non-movant).

### USE OF EXCESSIVE FORCE ON PRETRIAL DETAINEES

Claims involving the mistreatment of pretrial detainees are governed by the Fourteenth Amendment's Due Process Clause. *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir.1996). Nevertheless, the analysis required by the Fourteenth Amendment and that required by the Eighth Amendment, which applies to claims for convicted prisoners, is the same. *Id.* Under the Eighth Amendment, the use of force is "legitimate in a custodial setting as long as it is applied in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." *Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir.2002).

### <u>DISCUSSION</u>

In his motion seeking summary judgment, defendant Newell contends, with supporting evidence, that the force used on plaintiff Lowery was applied in a good faith effort to restore discipline, not maliciously or sadistically for the purpose of causing harm. Moreover, he asserts that the amount of force used was in proportion with the amount needed to restore discipline and that, in any event, it did not result in anything more than a *de minimus* injury. For these reasons, he asserts that plaintiff has failed to state a claim and that he is entitled to judgment as a matter of law. The undersigned agrees.

After carefully reviewing the defendant's arguments and supporting evidence, the numerous pleadings and exhibits filed by plaintiff Lowrey, the legal standards governing motions seeking summary judgment, as well as those governing claims alleging the excessive use of force upon pretrial detainees, the undersigned finds that the plaintiff has failed to meet his burden on summary judgment. In support of this conclusion, the undersigned finds the pertinent undisputed material facts as follows:

On the morning of September 17, 2007, as plaintiff Lowrey and several other inmates were being escorted through a section of the jail accessible by administrative and other non-security personnel, plaintiff chose not to comply with lawful instructions issued by the defendant. Moreover, and without justification, the plaintiff admits that he verbally addressed the defendant in a manner that was both disrespectful and inappropriate. In response, and after giving the plaintiff an opportunity comply, defendant Newell deployed a taser on the plaintiff. Based upon his belief that this initial taser deployment had failed, the defendant deployed the taser a second time. As a result of being tased, plaintiff Lowrey went to the floor and, in so doing, bumped his shoulder and/or head on the wall. Thereafter, he was taken to a holding cell and then on to court. While in court, the plaintiff "fell out." In response, he was taken to a local hospital and examined. Records of this examination reveal that the plaintiff had sustained nothing more than a bruise. Thereafter, he was returned to the jail where records indicate that he made no further complaints about injuries arising from the taser incident. Consequently, and because it is clear that the plaintiff has failed to establish any genuine issues of material fact which could lead a reasonable jury to conclude that the force used by the defendant was not applied in a good faith effort to maintain or restore discipline, his action must fail.

Accordingly, **IT IS RECOMMENDED** that defendant Newell's motion seeking summary judgment be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof..

6

Also before the court are two MOTIONS FOR THE COURT TO ORDER A CERTIFIED COPY OF LOWREY DEPOSITION AND OBJECTION filed by the plaintiff.  Tab #59 and Tab #64.  In view of the above recommendation, **IT IS ORDERED** that these motions be **DENIED**.

**SO ORDERED AND RECOMMENDED**, this 2nd day of MARCH, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE