IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| **ANTHONY BLAKE LOWREY,** : | |
| Plaintiff, : | NO. 3:07-CV-114 (CDL) |
| VS. : | |
| **SGT. NEWELL,** : | Proceedings Under 42 U.S.C. §1983 |
| Defendant. : | Before the U.S. Magistrate Judge |

### RECOMMENDATION

Before the Court is a Motion for Reconsideration filed by Plaintiff Anthony Blake Lowrey. Doc. 77. In view of its content, the Motion must be analyzed as a request for relief from judgment under Rule 60 of the Federal Rules of Civil Procedure. Because Plaintiff has failed to satisfy any ground for relief available under Rule 60, IT IS RECOMMENDED that his Motion be DENIED.

Plaintiff's Motion for Reconsideration was filed nearly a year after the entry of judgment in his case. On March 25, 2010, the Court adopted the Recommendation of a magistrate judge to grant Defendant's Motion for Summary Judgment, against Plaintiff's objection, and entered judgment in favor of Defendant. Plaintiff did not file an appeal from the judgment. Instead, Plaintiff filed his Motion for Reconsideration on March 15, 2011, almost a year after the case was closed.

Because the Motion for Reconsideration was filed outside the time period allowed for a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure, the Court must construe the Motion as a motion for relief from judgment under Rule 60(b). See Mahone v. Ray, 326 F.3d 1176, 1178 n. 1 (11th Cir. 2003).

Relief under Rule 60(b) is limited. The rule permits relief from final judgment for following reasons such as: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered

evidence, that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); or 3) fraud, misrepresentation, or misconduct by an opposing party. The Rule also authorizes relief for "any other reason that justifies relief." Rule 60(b) does not, however, provide "a substitute for a proper and timely appeal." Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993) (quoting Burnside v. Eastern Airlines, Inc., 519 F.2d 1127, 1128 (5th Cir. 1975). A Rule 60(b) motion may not be used simply to relitigate old matters or to raise arguments or present evidence that could have been raised prior to entry of judgment. Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir.2005).

In his Motion for Reconsideration, Plaintiff seeks to relitigate matters that have already been decided, based on arguments that have already been raised. In support of his Motion, Plaintiff makes three arguments. First, he contends that Defendant Newell fraudulently manipulated the evidence by misquoting deposition testimony. Second, he contends that the Court failed to require Newell to file a copy of the relevant deposition transcript, in violation of Local Rule 5.1. Third, he contends that the Court relied solely upon the Defendant's unsupported assertions of fact and misquoted citations to Plaintiff's deposition testimony, in adopting the magistrate judge's recommendation and granting the Defendant's Motion for Summary Judgment.

Plaintiff previously raised each of these three arguments in his objection to the magistrate judge's Recommendation. The District Court found Plaintiff's objection to be without merit and adopted the Recommendation. Rule 60(b) does not afford Plaintiff a second chance to persuade the Court or an opportunity to refine arguments that have already been rejected.

Accordingly, **IT IS RECOMMENDED** that Plaintiff's Motion for Reconsideration be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to

this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 6th day of January, 2012.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge